# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVAR GETER, | |
| Plaintiff, | NO. 3:18-CV-1579 |
| v. | (JUDGE CAPUTO) |
| DAUPHIN COUNTY PRISON AUTHORITIES, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before me are two motions to dismiss (Doc. 4; Doc. 6) this *pro se* civil rights action commenced by Javar Geter ("Mr. Geter"). Mr. Geter contends that Defendants violated his constitutional rights between June and August 2016 while he was incarcerated at the Dauphin County Prison. Specifically, Mr. Geter contends that excessive force was used against him, that he was denied medical care, that he was denied five meals over three days, and that he was denied one shower and otherwise required to shower in handcuffs and shackles all in violation of his Eighth Amendment rights. Mr. Geter also alleges that a commissary purchase was confiscated in violation of his due process rights. Because Mr. Geter fails to state a claim for relief based on the facts as pled in the Complaint, the motions to dismiss will be granted, but Mr. Geter will be given leave to amend with respect to his Eighth Amendment excessive force and denial of adequate meals claims.

## I. Background

The facts as alleged in the Complaint are as follows:

On June 2, 2016, Mr. Geter was an inmate in the Dauphin County Prison. (*See* Doc. 1-1, ¶ 2). That evening at 6:15, Mr. Geter, while handcuffed, was escorted to section P3 by Sergeant Hoose and CO Ulledova. (*See id.*). When Mr. Geter arrived at cell 8 in that section, Sergeant Hoose squirted a large amount of pepper spray in his

eyes, causing severe burning. (*See id*. at ¶ 3). Mr. Geter "was then thrown to the floor by force on his right shoulder still handcuffed, hands behind his back, where then multiple correctional officers began assaulting him. Plaintiff was being kicked and punched from numerous angles, not being able to see who they were from the blast of pepper spray in his eyes. All was documented on video surveillance." (*Id*.).

Approximately forty-five (45) minutes later, Mr. Geter was attacked again in cell 8 by numerous officers while he remained handcuffed. (*See id*. at ¶ 4). Mr. Geter was still "unable to see who they were from the pepper spray," but he was able to hear voices during the attack. (*Id*.).

The next day, June 3, 2016, Mr. Geter was transported to medical and examined by a doctor. (*See id*. at ¶ 5). Mr. Geter was given ice for his face and motrin for pain. (*See id*.). Photographs were taken of Mr. Geter's injuries. (*See id*. at ¶¶ 5-6).

Also on June 3, 2016, Mr. Geter was denied lunch and dinner, as CO Deitz and CO Siegal gave him empty trays. (*See id*. at ¶ 7).

On June 4, 2016, Mr. Geter again had pictures taken of his injuries, and thereafter he was permitted to eat breakfast because a captain was present. (*See id*. at ¶ 8). Later that day, however, CO Deitz denied him lunch and CO Riggins denied him dinner. (*See id*.).

On June 5, 2016, Mr. Geter was given breakfast and dinner, but he was denied lunch by CO Marshall. (*See id*. at ¶ 9). The hostilities came to a halt the next day when Mr. Geter was scheduled to be in court. (*See id*. at ¶ 10).

Mr. Geter was arraigned for charges on CO Hattersley on June 7, 2016. (*See id*. at ¶ 11).

A request to medical due to Mr. Geter's shoulder injury was submitted on June 9, 2016. (*See id*. at ¶ 12). Medical failed to come and check on Mr. Geter for further examination or treatment. (*See id*.).

Mr. Geter submitted another medical request on June 14, 2016. (*See id*. at ¶ 13). Mr. Geter was denied medical assistance or treatment. (*See id*.).

During a cell search on August 6, 2016, CO Marshall threw out Mr. Geter's commissary purchase. (*See id*. at ¶ 14).

On August 8, 2016, Mr. Geter was denied a shower. (*See id*. at ¶ 15). When he did shower, he was shackled and handcuffed. (*See id*.).

Based on the foregoing, Mr. Geter commenced this action in the Court of Common Pleas of Centre County. (*See id*., *generally*). Therein, Mr. Geter appears to assert claims for violations of the Eighth and Fourteenth Amendments to the United States Constitution. (*See id*.). Named as Defendants are Dauphin County Prison Authorities, Sergeant Hoose, CO Harter, CO Deitz, CO Siegal, CO Riggins, CO Marshall, CO Ulledova, and the Prison Superintendent. (*See id*.). The Complaint is dated May 29, 2018 and was docketed by the state court on June 15, 2018. (*See id*.). The action was removed to this Court on August 8, 2018. (*See* Doc. 1, *generally*).

On August 15, 2018, Marshall moved to dismiss the Complaint. (*See* Doc. 4, *generally*). On August 22, 2018, Defendants Dauphin County Prison Authorities, Sergeant Hoose, CO Harter, CO Deitz, CO Siegal, CO Riggins, and the Prison's Superintendent filed a motion to dismiss the Complaint. (*See* Doc. 6, *generally*).[1] Those motions have been fully briefed and are ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] It appears that CO Ulledova was never served with the Complaint. (*See* Doc. 1, *generally*). CO Ulledova has thus not responded to the Complaint, nor has counsel entered an appearance on his behalf.

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants Dauphin County Prison Authorities, Sergeant Hoose, CO Harter, CO Deitz, CO Siegal, CO Riggins, and Prison's Superintendent, as well as Defendant Marhshall, argue that the Complaint should be dismissed based on the statute of limitations, for failure to exhaust administrative remedies, and for failure to state a claim upon which relief can be granted. I will address those contentions in that order.

**A.  Statute of Limitations.**

Defendants first move for dismissal of all claims for events that predate June 15, 2016 on the ground that such claims are untimely based on the applicable two (2) year statute of limitations. Specifically, Defendants contend that since the Complaint was docketed by the state court on June 15, 2018, the claims related to events that occurred more than two years before that date were not timely filed. The Complaint will not be dismissed on this ground.

The statute of limitations on Mr. Geter's § 1983 claims in Pennsylvania is two (2) years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Under the

4

Federal Rules of Civil Procedure, affirmative defenses, such as a statute of limitations defense, should generally be raised by way of answer to the complaint. *See* Fed. R. Civ. P. 8(c); *see also Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) ("a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion"). But, the law of this Circuit, under the so-called "Third Circuit Rule," "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Id*. (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Restated, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski*, 857 F.3d at 157 (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). "A § 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based." *Id*. at 157-58 (alterations omitted) (quoting *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

It is not clear from the face of the Complaint that Mr. Geter's claims that predate June 15, 2016 are barred by the statute of limitations. Of note, although the Complaint was not docketed by the state court until June 15, 2018, the Complaint is dated May 29, 2018. Under "[t]he federal 'prisoner mailbox rule[,]' . . . a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)); *see also White v. Pa. State Police*, 408 F. App'x 521, 522 (3d Cir. 2010) (state prisoner receives the benefit of the mailbox rule for a § 1983 complaint). "In the absence of evidence to the contrary, courts may conclude that an inmate places a filing in the hands of prison authorities for mailing on the date that it is signed." *Moody v. Conroy*, - - - F. App'x - - -, 2019 WL 351202, at *2 (3d Cir. Jan. 28, 2019) (citing *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014)). Dismissal on

timeliness grounds is thus not appropriate at this stage of the litigation.

**B.     Exhaustion.**

Defendants next argue that the Complaint should be dismissed because Mr. Geter does not allege that he exhausted his administrative remedies.

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to pursue all available administrative remedies within the prison's grievance system before bringing a civil rights action concerning prison conditions in federal court. *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, - - - U.S. - - -, 136 S. Ct. 1850, 1855-56, 195 L. Ed. 2d 117 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002).

Exhaustion is mandatory and must be "proper," which requires a prisoner to "us[e] all steps that the agency holds out, and [to do] so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81 90, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006) (emphasis in original). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. *Id*. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007). Failure to comply substantially with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004); *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) ("[P]risoners must complete the

administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.").

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The Complaint will not be dismissed on exhaustion grounds. "[F]ailure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Thus, "it is not a pleading requirement for the prisoner-plaintiff." *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013). Accordingly, "[w]hile the failure to exhaust administrative remedies may form a basis for a dismissal for failure to state a claim, dismissal on that ground is appropriate only in those circumstances where the complaint reveals the exhaustion defense on its face." *Thomas v. Brinich*, 579 F. App'x 60, 63 (3d Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 215-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). The face of the Complaint does not demonstrate the applicability of Defendants' exhaustion defense, so it cannot be dismissed on this basis.

## C.   Failure to State a Claim.

Defendants also seek dismissal of Mr. Geter's claims for excessive force, denial of medical care, denial of meals, and denial of showers. Additionally, CO Marshall contends that Mr. Geter fails to state a claim against him for disposing of his commissary purchase following a cell search.

### 1.   Excessive Force.

The Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment protects inmates from the excessive use of force by prison guards during post-conviction incarceration. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (citing *Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). Force amounts to cruel and

7

unusual punishment when it is used "maliciously and sadistically for the very purpose of causing harm" instead of "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). Several factors are relevant to this determination, such as: "[1] the need for the application of force, [2] the relationship between the need and the amount of force that was used, [3] . . . the extent of injury inflicted, . . . [4] the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials . . . , and [5] any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321, 106 S. Ct. 1078 (internal quotation mark omitted) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (Friendly, J.)). The extent of an injury "may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," but "[t]he absence of serious injury" while "relevant to the Eighth Amendment inquiry . . . does not end it." *Hudson*, 503 U.S. at 7, 112 S. Ct. 995 (quoting *Whitley*, 475 U.S. at 321, 106 S. Ct. 1078).

Mr. Geter's excessive force claim will be dismissed. Mr. Geter does not identify any of the correctional officers that punched or kicked him during either of the alleged assaults that took place on June 2, 2016, and he identifies only Sergeant Hoose as using force against him that evening, *i.e.*, the deployment of pepper spray. Thus, since Mr. Geter does not allege that CO Harter, CO Deitz, CO Siegal, CO Riggins, and/or CO Marshall were present or participated in the alleged assaults, the excessive force claim against these Defendants will be dismissed. *See C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior."); *cf.*

*Sanabria v. Tezlof*, No. 11-6578, 2016 WL 4371750, at *5 (S.D.N.Y. Aug. 12, 2016) ("though Plaintiff has failed to allege with particularity which defendant specifically engaged in striking his knee and stepping on his back, he has alleged which defendants were involved in the incident. At this stage, before Plaintiff has had access to discovery, the Court cannot insist that Plaintiff identify which officer specifically engaged in which part of the excessive force incident.").[2]

With respect to Sergeant Hoose, the Complaint, as pled, does not aver that Mr. Geter was punched or kicked by the Sergeant. To the extent that Mr. Geter claims as much, he must say so in order to state an excessive force claim against Sergeant Hoose on that ground.[3] Further, the Complaint fails to state an excessive force claim against Sergeant Hoose related to his use of pepper spray against Mr. Geter. While the use of pepper spray is not "a per se violation of the Eighth Amendment," *Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (citations omitted); *Taylor v. Pennsylvania*, No. 17-3369, 2018 WL 6574187, at *17 (M.D. Pa. Dec. 12, 2018), it can, in some instances, amount to a constitutional violation. *See, e.g., Robinson v. Danberg*, 673 F. App'x 205, 212 (3d Cir. 2016) (reversing entry of summary judgment in favor of the defendant on claim that the plaintiff was maced in violation of his Eighth Amendment rights). In the matter *sub judice*, however, the Complaint is devoid of factual allegations regarding the macing incident. The only factual averment

---

[2] In *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018), the Third Circuit rejected, on a motion for summary judgment, the argument "so long as a plaintiff can show that some officer used excessive force, he may haul before a jury all officers who were 'in the immediate vicinity of where excessive force occurred' without any proof of their personal involvement." Explaining that was "simply not the law," the *Jutrowski* court reiterated that "the tenet that a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation has deep historical roots in tort law principles, is manifest in our excessive force jurisprudence, and is reinforced by persuasive authority from our Sister Circuits." *Id*.

[3] This holds true as well for such a claim against CO Ulledova.

9

pertaining to this incident is that Sergeant Hoose maced Mr. Geter after he was escorted to his cell. This allegation alone does not state a plausible claim that Sergeant Hoose deployed pepper spray against Mr. Geter in violation of the Eighth Amendment.

Mr. Geter will, however, be given leave to file an amended complaint regarding his excessive force claims. Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Amendment is futile "if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). It is not apparent that Mr. Geter would be unable to successfully state an excessive force claim against Sergeant Hoose for the macing incident with additional factual allegations. Likewise, insofar as Mr. Geter can identify any of the officers that participated in or were at least present for either of the alleged assaults, including Sergeant Hoose, he may be able to state excessive force and/or failure to intervene claims that can withstand a 12(b)(6) motion.

**2.     Denial of Medical Care.**

The Eighth Amendment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those who it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). This follows from the view that the "denial of medical care may result in pain and suffering, which no one suggests would serve any penological purpose." *Estelle*, 429 U.S. at 103. To state a claim under the Eighth Amendment for the denial of medical

care, a prisoner must allege "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse*, 182 F.3d at 197.[4]

Mr. Geter's Eighth Amendment denial of medical care claim will be dismissed with prejudice. Mr. Geter does not allege that Sergeant Hoose, CO Harter, CO Deitz, CO Siegal, CO Riggins, CO Marshall, and/or CO Ulledova were responsible for his medical care, nor does he aver that they were personally involved in the denial of any care or that they were otherwise responsible for Mr. Geter being denied medical attention. Additionally, Mr. Geter has not named any medical staff as parties to this action. The Eighth Amendment medical care claim will therefore be dismissed without leave to amend.

### 3. Denial of Adequate Meals.

"[P]rison officials violate an inmate's Eighth Amendment rights when they deprive her of 'a single identifiable human need such as food, . . .'" *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991)). But, "deprivation of a single meal does not rise to the level of an Eighth Amendment violation because 'only a substantial deprivation of food to a prisoner' states a viable Eighth Amendment claim." *Rieco v. Moran*, 633 F. App'x 76, 78 (3d Cir. 2015) (quoting *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009)); *Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) ("the alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation"); *see also Trujillo v. Williams*, 465

---

[4] Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be show by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

11

F.3d 1210, 1227 (10th Cir. 2006) ("A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment.") *cf. Foster v. Runnels*, 554 F.3d 807, 812-23 (9th Cir. 2009) (denial of 16 meals in 23 days was a sufficiently serious deprivation of food). Accordingly, "the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation." *Orum v. Rink*, No. 18-158, 2018 WL 6695585, at *2 (W.D. Mich. Dec. 20, 2018) (citing, *inter alia*, *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same)).

Mr. Geter's Eighth Amendment claim related to the denial of adequate meals will be dismissed, but he will be given the opportunity to amend. Here, Mr. Geter contends that his Eighth Amendment rights were violated between June 3, 2016 and June 5, 2016 when he was denied five of nine meals over a three day period. Specifically, on June 3, 2016, CO Deitz and CO Siegal gave Mr. Geter an empty tray for lunch and dinner, on June 4, 2016 CO Deitz denied him lunch and CO Riggins denied him dinner, and on June 5, 2016, Marshall gave him an empty tray for lunch. These allegations, without additional factual support, do not state a substantial deprivation of food so as to violate the Eighth Amendment. *See, e.g.*, *Richmond*, 450 F. App'x at 456 ("the withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a wanton infliction of pain where the prisoner continues to receive adequate nutrition."); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation. Even on a regular, permanent basis, two meals a day may be adequate."); *cf. Williams*

*v. Del. Cty. Bd. of Prison Inspectors*, No. 17-4348, 2018 WL 4558190, at *9-10 (E.D. Pa. Sept. 20, 2018) (inmate stated plausible Eighth Amendment claim where he was denied seven out of 10 meals, including at least four consecutive meals). Mr. Geter must do more than say that he missed a few meals over a short period of time. He must plead facts demonstrating that even though he was provided some meals, those given were nonetheless inadequate and he was substantially deprived of food.[5] Mr. Geter will be given the opportunity to amend to state a plausible Eighth Amendment claim based on the denial of adequate meals.

### 4. Inadequate Showers.

Mr. Geter next alleges that his constitutional rights were violated when he was denied a shower on August 8, 2016 and by the requirement that he be handcuffed and shackled in order to be permitted to shower. These claims will be dismissed with prejudice.

For one, "[t]he Eighth Amendment does not require that prisoners be afforded frequent or comfortable showers." *Whitney v. Varner*, No. 11-2022, 2016 WL 4988057, at *5 n.3 (M.D. Pa. Sept. 19, 2016) (citations omitted). As such, "the denial of showers for a temporary period does not rise to the level of a constitutional violation." *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (affirming summary judgment in favor of the defendants where the plaintiff was not able to shower for 28 days); *see also Juaquee v. Pike Cty. Corr. Facility Employees*, No. 12-1233, 2012 WL 7005254, at *9 (M.D. Pa. July 5, 2012) (claim for denial of single shower does not state an Eighth Amendment violation). Further, "requiring an inmate to shower while handcuffed or in leg irons does not violate the Eighth Amendment." *Lopez-Diaz v. Cty. of Lancaster*, No. 01-5181, 2003 WL 1592001, at *3 (E.D. Pa. Mar. 26, 2003) (citations omitted); *see also Branham v. Meachum*, 77 F.3d 626, 631 (2nd

---

[5] Mr. Geter could do this by, for example, pleading what the meals consisted of that he was provided and how he suffered or was harmed by being deprived of other meals.

13

Cir.1996) (requiring an inmate on "lockdown" to shower while wearing leg irons does not state a claim under the Eighth Amendment); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) (requiring an inmate who had assaulted prison guards and fellow inmates to shower while wearing handcuffs and ankle shackles does not state a claim under the Eighth Amendment). Mr. Geter's Eighth Amendment shower claims will be dismissed with prejudice.

### 5. Confiscation of Personal Property.

Mr. Geter also asserts a claim against CO Marshall for seizing his commissary purchase on August 6, 2016. Mr. Geter contends that the search of his cell and seizure of his property violated his Fourth Amendment and due process rights. The Third Circuit affirmed the dismissal of claims identical to these in *Crosby v. Piazza*, 485 F. App'x 168, 172 (3d Cir. 2012). The Third Circuit explained:

> The District Court did not err in dismissing this claim because, as the Supreme Court has held, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).
>
> We also affirm the District Court's dismissal of Crosby's claim concerning the confiscation of his property. Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy. *Hudson*, 468 U.S. at 533, 104 S. Ct. 3194. Adequate remedies were available here as Crosby was provided an opportunity to file an administrative grievance. *See Tillman v. Lebanon County Corr.*, 221 F.3d 410, 422 (3d Cir. 2000). As the District Court correctly noted, to the that extent Crosby is dissatisfied with the outcome of the administrative process, he may still file a state court tort action. *Hudson*, 468 U.S. at 535, 104 S. Ct. 3194.

*Id*. Accordingly, the claim against CO Marshall regarding the search of Mr. Geter's cell and seizure of his commissary purchase will be dismissed.

### 6. Supervisory Liability.

The Complaint also purports to state a claim against Prison Authorities and the Prison Superintendent. Defendants move for dismissal of these claims on the ground

14

that they are based solely on the doctrine of *respondeat superior*.

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202). The Third Circuit has recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)) (internal quotations omitted).

Mr. Geter has not pled any facts to support the Prison Authorities or Prison

Superintendent's personal involvement in the alleged wrongdoing. Rather, these claims are dependent wholly upon legal conclusions that are untethered to any factual averments. At most, Mr. Geter identifies the elements to support a supervisory liability claim, but he does not support those allegations with any factual support. Thus, the Complaint fails to adequately allege the Prison Authorities and/or Prison Superintendent's personal participation in the purported constitutional deprivations, so the claims against these Defendants will be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, the motions to dismiss will be granted. Mr. Geter will be permitted to amend his Eighth Amendment excessive force and denial of adequate meals claims against Sergeant Hoose, CO Harter, CO Deitz, CO Siegal, CO Riggins, CO Marshall, and CO Ulledova. All other claims will be dismissed with prejudice.

An appropriate order follows.

February 11, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge