IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVAR GETER, | : | Civil No. 3:18-CV-1579 |
| Plaintiff, | : | |
| v. | : | |
| DAUPHIN COUNTY PRISON AUTHORITIES, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion for summary judgment filed by Defendants Deitz, Harter, Hoose, Riggins, and Siegal. (Doc. 36.) For the reasons discussed below, Defendants' motion for summary judgment is deemed unopposed. The motion is granted due to Plaintiff's failure to exhaust his available administrative remedies prior to initiating this action. Based on this finding, and pursuant to the court's authority under 42 U.S.C. § 1997e(c), Plaintiff's claims against Defendant Marshall will also be dismissed with prejudice.

### Procedural History and Material Facts

**A. Procedural History**

On May 29, 2018, Plaintiff Javar D. Geter ("Plaintiff" or "Geter"), a self-represented inmate formerly confined at the Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania, filed this action in the Centre County Court of Common Pleas. In his complaint, Geter asserted claims of excessive use of force, failure to

intervene, denial of medical care, and the denial of adequate nutrition.  (Doc. 1-1.)  Geter named the following DCP employees as Defendants:  Sergeant ("Sgt.") Hoose, Corrections Officer ("CO") Harter, CO Dietz, CO Siegal, CO Riggins, CO Ulledova and CO Marshall.[1]  The DCP Defendants, with the consent of CO Marshall, removed the action to this court and sought to dismiss the complaint.  (Doc. 1.)  Both sets of Defendants filed a motion to dismiss the complaint.  On February 11, 2019, the court granted the Defendants' motions and granted Geter leave to file an amended complaint as to his Eighth Amendment excessive use of force and denial of adequate nutrition claims.  *Geter v. Dauphin Cnty. Prison Authorities*. 3:18-CV-1579, 2019 WL 522693 (M.D. Pa. Feb. 11, 2019).

On March 19, 2019, the court accepted Geter's March 7, 2019 filing as the amended complaint.  (Docs. 15, 16.)  Both the DCP Defendants and CO Marshall filed motions to dismiss the amended complaint.  (Docs. 17 and 19.)  On September 29, 2020, the court denied DCP Defendants and CO Marshall's motion to dismiss Geter's Eighth Amendment excessive force claim but granted their motions as to his failure to intervene and inadequate food claims.  (Doc. 32.)  CO

---

[1] The "DCP Defendants" (Sgt. Hoose, CO Harter, CO Deitz, and CO Riggins) and CO Marshall are represented by separate counsel.  The court dismissed Plaintiff's claims against CO Ulledova pursuant to Fed. R. Civ. P. 4(m) on September 29, 2020.  *See* Doc. 32.

Marshall filed an answer to the amended complaint on October 19, 2020. (Doc. 33.) The DCP Defendants filed their answer the following day. (Doc. 34.)

On December 8, 2020, the DCP Defendants, with the concurrence of CO Marshall, filed a motion for summary judgment based on Geter's failure to exhaust his available administrative remedies prior to initiating his lawsuit. (Doc. 36.) To date, Geter has neither filed an opposition to DCP Defendants' motion for summary judgment nor sought an enlargement of time in which to do so.

**B. Material Facts[2]**

Javar Geter was incarcerated at DCP from April 28, 2016 until November 22, 2016. (Doc. 37-13, ¶ 19.) Pursuant to the DCP's grievance policy, an inmate may file a grievance concerning "the behavior or action toward an inmate by a staff member or another inmate, or any matter of concern, including conditions of confinement." (Doc. 37-3.) "An inmate must write out the complete grievance, being as brief but specific as possible, soon after the alleged occurrence." (*Id.*) The DCP grievance process has four (4) steps: (1) submission of a grievance to the Warden, Deputy Warden, or Security Major for initial review and recommendation

---

[2] These facts are taken from the Defendants' unopposed statement of material facts and supporting exhibits. (Doc. 37.) Even though Plaintiff did not oppose Defendants' motion, the court must nevertheless satisfy itself that Defendants are entitled to summary judgment as a matter of law. Therefore, the following facts are undisputed, or where unsupported by the record, reflect Geter's version of the facts pursuant to this court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Forrest v. Parry*, 930 F.3d 93 (3d Cir. 2019), *cert. denied sub nom.*; *City of Camden, New Jersey v. Forrest*, 140 S. Ct. 902 (2020).

3

which is then forwarded to the Warden for decision; (2) an appeal of the Warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the Chairman's decision to the full Dauphin County Prison Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor.  (*Id.*)

On June 2, 2016, Geter assaulted CO Hattersley by punching him in the face and grabbing his neck.  (Doc. 37-5.)  Later that day, Geter was issued a disciplinary report for his assault of CO Hattersley.  (Doc. 37-7.)  At his misconduct hearing, Plaintiff plead guilty to the charge and received sixty (60) days "lock in" as a sanction.  (*Id.*)  Geter was also criminally charged in the Court of Common Pleas of Dauphin County with Aggravated Assault for his attack on CO Hattersley.  (Doc. 37-6.)  He pled guilty to the charge on October 24, 2016.  (*Id.*)

Following his assault of CO Hattersley on June 2, 2016, Geter was taken to the institution's restricted housing unit to be strip searched.  When staff attempted to remove his handcuffs, Geter became combative.  Sgt. Hoose deployed a burst of OC spray to Geter's face in effort to gain his compliance.  Geter continued to resist, at which point Sgt. Hoose struck Geter's radial nerve to grab the wrist with the restraint.  Geter then complied with the removal of his restraints and a strip search.  (Doc. 37-9, Doc. 37-10, Doc. 37-11.)  Geter was issued a prison

disciplinary report on June 2, 2016, for fighting and disruptive behavior due to this behavior. At his misconduct hearing, Geter was found guilty of both charges and received an additional ninety (90) days' "lock in" status in the restricted housing unit based on the reports and statements of staff. (Doc. 37-12.)

On June 2, 2016, Lt. Zimmerman directed Geter be placed on "two officer restriction" at all times. (Doc. 37-8.) Whenever Geter was out of his cell, he was to be in "handcuffs and shackles," and if he was taken off the unit, Geter was also to be secured with a waist belt. (*Id.*) Lt. Zimmerman implemented the order due to Geter's "assaultive behavior towards staff." (*Id.*)

Warden Gregory Briggs affirms that he has access to Geter's inmate prison file, Treatment Program notes, and the DCP's Administrative Office's database for tracking inmate grievances and appeals. (Doc. 37-13, ¶¶ 9–16.) While housed at DCP, Geter filed various request slips and grievances, but none concerning the events of June 2, 2016. Geter did not submit any grievance alleging that staff used excessive force against him on June 2, 2016. (*Id.* ¶¶ 21–22, *see also* pp. 9–30.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019), *reh'g granted and opinion vacated*, 946 F.3d 637 (3d Cir. 2020), and *on reh'g*, 948 F.3d 133 (3d Cir. 2020) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that a prisoner pursue all available administrative remedies within the prison's grievance system before bringing a civil rights action concerning prison conditions in federal court.  *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 1174, 136 S.Ct. 1850, 1855 (2016).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA also requires "proper exhaustion," demanding that the inmate follow all steps and procedural prerequisites of the applicable institutional administrative review process.  *Jones v. Bock,* 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 90–91.  The failure to follow the procedural requirements of the prison's grievance system will result in a procedural default of the claim.  *Spruill v. Gillis*, 372 F.3d 218, 227–32 (3d Cir. 2004).

An inmate's failure to exhaust his administrative remedies is an affirmative defense the defendants must plead and prove. *See Jones*, 549 U.S. at 216; *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). Once defendants establish that administrative remedies were not exhausted prior to the inmate filing the action, the inmate must establish that administrative remedy procedures were either unavailable to him under *Ross*, or present evidence demonstrating that he did exhaust his administrative remedies. *Rinaldi*, 904 F.3d at 268.

The undisputed record before the court demonstrates that Geter failed to exhaust his available administrative remedies as to his excessive use of force claim stemming from his June 2, 2016 interaction with DCP Defendants. Therefore, the DCP Defendants are entitled to entry of summary judgment in their favor.

Moreover, Geter's failure to exhaust his excessive use of force claim also precludes his pursuit of any such claim against CO Marshall. Pursuant to 42 U.S.C. § 1997e(c) the court may *sua sponte* dismiss lawsuit, or claim, if it fails to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title … by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action … fails to state a claim upon which relief can be granted."). Because the uncontested record before the court conclusively reveals that Geter did

not exhaust his administrative remedies as to his claim that CO Marshall used excessive force, this claim will be dismissed with prejudice pursuant to 42 U.S.C. § 1997e(c).

## CONCLUSION

For the foregoing reasons, the court will grant the DCP Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his available administrative remedies as to his excessive use of force claim.  This finding also precludes Plaintiff's similarly based excessive use of force claim against CO Marshall.  Pursuant to 42 U.S.C. § 1997e(c) Plaintiff's Eighth Amendment claim against CO Marshall will be dismissed with prejudice.  An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  September 30, 2021